# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA** *ex rel.*
**KIM TRIPPE,**

    **Plaintiff,**

    v.

**OHIOHEALTH CORPORATION,** *et al.*,

    **Defendants.**

Civil Action 2:16-cv-67
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, by and through counsel, first filed her Complaint under the *qui tam* provisions of the False Claims Act (31 U.S.C. § 3730(b)) on January 25, 2016. (ECF No. 1.) Plaintiff, again by and through counsel, filed an Amended Complaint on March 28, 2018. (ECF No. 19.) The United States filed notice of its election to decline intervention on July 2, 2019. (ECF No. 24.) On September 5, 2019, Plaintiff filed a motion for an extension of time to serve its Amended Complaint on Defendants under Federal Rule of Civil Procedure 4(m). (ECF No. 26.) This Court granted Plaintiff's Motion, ordering service of the Amended Complaint on or before November 29, 2019. (ECF No. 27.) With leave of this Court, Plaintiff's counsel withdrew from their representation on November 14, 2019. (ECF No. 30.) As of February 14, 2020, Plaintiff had not perfected service on any Defendant. The Court therefore ordered Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service and why the Court should allow an extension of time to effect service (the "Show Cause Order"). (ECF No. 31.) To date, Plaintiff has not retained new counsel, responded to the Show Cause Order, or perfected service on any of the thirty-three named Defendants.

In its Response (ECF No. 32) to the Show Cause Order, the United States asserts that this case should be dismissed on the grounds that Plaintiff is prohibited from prosecuting a *qui tam* action as a *pro se* litigant.  The undersigned agrees.  This Court has held that it "lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant."  *McGhee v. Light*, 384 F.Supp.3d 894, 897 (S.D. Ohio 2019), *report and recommendation adopted*, No. 3:19-cv-143, ECF No. 5 (S.D. Ohio June 6, 2019) (quoting *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592 at *3 (S.D. Ohio Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012)).  "Although the [False Claims Act] does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute qui tam actions."  *Id*.  As a result, Plaintiff cannot proceed without counsel.  It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** to refiling upon Plaintiff's retention of counsel.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE