# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **KIM TRIPPE,** | : <br> : Case No. 2:16-cv-67 |
| **Plaintiff,** | : <br> : Chief Judge Algenon L. Marbley |
| v. | : <br> : Magistrate Judge Chelsey M. Vascura |
| **OHIOHEALTH CORPORATION,** *et al.*, | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter comes before the Court on Magistrate Judge Vascura's February 21, 2020, Report and Recommendation that this case be dismissed on the grounds that Plaintiff is prohibited from prosecuting a *qui tam* action as a *pro se* litigant. For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED WITHOUT PREJUDICE**.

On January 25, 2016, Plaintiff filed her first Complaint, through counsel, under the *qui tam* provisions of the False Claims Act (31 U.S.C. § 3730(b)). (ECF No. 1.) Plaintiff filed an Amended Complaint, again through counsel, on March 28, 2018. (ECF No. 19.) With leave of the Court, Plaintiff's counsel withdrew from their representation on November 14, 2019. (ECF No. 30.) Plaintiff had not perfected service on any Defendant as of February 14, 2020. Therefore, the Court issued a Show Cause Order ordering Plaintiff to show cause as to why this action should not be dismissed without prejudice for failure to perfect service and why the Court should allow an extension of time to effect service. (ECF No. 31.) Since the Show Cause Order, Plaintiff has not retained new counsel, responded to the Show Cause Order, or perfected service on any

Defendant. In Response to the Show Cause Order, the United States asserted that the case should be dismissed on the grounds that Plaintiff is prohibited from prosecuting a *qui tam* action as a *pro se* litigant. (ECF No. 32.) The Magistrate Judge then issued the Report and Recommendation that this case be dismissed on February 21, 2020. (ECF No. 33.) Plaintiff did not file any objections.

Under the False Claims Act, a case is subject to dismissal when a *pro se* litigant brings a *qui tam* action brought on behalf of the United States because the Court lacks subject matter jurisdiction. *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012). A *qui tam* relator suing on behalf of the government must comply with the rule prohibiting nonlawyers from representing other litigants, thus, "the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions." *Id.* (collecting cases). !

Failure to object to the Magistrate Judge's Report and Recommendation within fourteen days results in waiver of the right for de novo review. *See, e.g., McCall v. Ohio*, No. 2:18-cv-1261, 2019 WL 188039 at *1 (S.D. Ohio Jan. 14, 2019). Having reviewed the Magistrate Judge's Report and Recommendation and noting no objections have been filed, the Court concurs with the analysis.

For these reasons, this Court **ADOPTS** Magistrate Judge Vascura's February 21, 2020, Report and Recommendation. This matter is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: July 21, 2020**